Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA  99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 1 5 2021

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

HELMUT UWE BORCHERT,

                Defendant.

2:20-CR-0071-TOR

PLEA AGREEMENT
PURSUANT TO FED. R.
CRIM. P. 11(C)(1)(c)

Plaintiff United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, and Defendant, HELMUT UWE BORCHERT, and the Defendant's counsel, Bevan Maxey, agree to the following Plea Agreement:

    1.   <u>Guilty Plea and Maximum Statutory Penalties</u>:

    The Defendant, HELMUT UWE BORCHERT, agrees, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to enter a plea of guilty to the Indictment filed on June 16, 2020, charging the Defendant with Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

PLEA AGREEMENT - 1

The Defendant understands that this charge is a Class A felony charge and also understands that the maximum statutory penalty for this offense is not less than 10 years nor more than a life term of incarceration; a fine not to exceed $10,000,000; a term of supervised release of not less than 5 years up to a life term; denial of certain federal benefits; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.

2.    <u>Denial of Federal Benefits</u>:

The Defendant understands that by entering this plea of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

3.    <u>The Court is Not a Party to the Plea Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The

PLEA AGREEMENT - 2

Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward in the exercise of its discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

The Defendant also understands that should the sentencing judge sentence the Defendant to more than 151 months, the Defendant would have the option of withdrawing from this Plea Agreement and withdrawing his plea of guilty.

4.    Waiver of Constitutional Rights:

The Defendant, HELMUT UWE BORCHERT, understands that by entering these pleas of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).    The right to a jury trial;

(b).    The right to see, hear and question the witnesses;

(c).    The right to remain silent at trial;

(d).    The right to testify at trial; and

(e).    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.  The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5.    Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on about December 14, 2019, in the Eastern District of Washington, the Defendant, HELMUT UWE BORCHERT,

PLEA AGREEMENT - 3

knowingly and intentionally possessed a mixture or substance
containing a detectable amount of methamphetamine;

*Second*, the Defendant possessed the mixture or substance containing and
detectable amount of methamphetamine with the intent to distribute it to
another person; and

*Third*, the mixture or substance the Defendant possessed with the intent
to distribute it to another person weighed more than 500 grams.

6.      Statement of Facts and Stipulation:

The United States and the Defendant stipulate and agree that the United States
could prove these facts beyond a reasonable doubt at trial; these facts are accurate; and
these facts constitute an adequate factual basis for HELMUT UWE BORCHERT's
guilty plea.  This statement of facts does not preclude either party from presenting and
arguing, for sentencing purposes, additional facts which are relevant to the guideline
computation or sentencing, unless otherwise prohibited in this Plea Agreement.  The
parties further agree and stipulate that this factual basis is simply a summary to
support the plea, it does not contain all facts which could be proven by the United
States.

In December 2019, a Cooperating Defendant ("CD") was arrested by the
Spokane Police Department ("SPD") attempting to deliver a large quantity of
controlled substances to a customer in the Spokane, Washington area.  The CD
provided a post-*Miranda* statement and advised SPD that the CD had just dropped off
around 20 pounds of methamphetamine to an individual later identified as the
Defendant, HELMUT UWE BORCHERT, at his residence in Spokane, Washington.
The CD took the Drug Enforcement Administration ("DEA") and SPD to that
residence.  The residence was confirmed to be the Defendant's through various
database checks.

SPD established surveillance at the residence.  An individual was observed
exiting the Defendant's residence and entering a vehicle parked on the street in front

PLEA AGREEMENT - 4

of the Defendant's residence.  The individual was contacted by SPD and advised, in summary, there were pound-quantities of methamphetamine in his vehicle, and that he just obtained it from the Defendant out of the Defendant's residence.  A search warrant was obtained for the vehicle and a large quantity of suspected methamphetamine was located in a bag in the vehicle.  The DEA Laboratory analyzed the seized methamphetamine and determined it to contain approximately 876.4 grams of actual (pure) methamphetamine[1].

A search warrant was obtained for the Defendant's residence.  Inside the residence, SPD and DEA located the Defendant, a firearm, and approximately 19 pounds of suspected methamphetamine.  The Defendant provided a post-*Miranda* statement and, in summary, advised the methamphetamine was his.  The DEA Laboratory analyzed the seized methamphetamine and determined it contained approximately 8,425.8 grams of actual (pure) methamphetamine.

The Defendant stipulates and agrees he knew the substance possessed was methamphetamine, and he possessed the methamphetamine with the intent to distribute it to another person.

       7.    <u>The United States Agrees</u>:

       (a).   *Not to File New Charges*:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement.  However, this agreement specific excludes any charges related to witness tampering, obstruction, and/or similar offenses.

_____

[1] There was a small quantity of methamphetamine located in the passenger compartment of the vehicle (approximately ½ ounce).  It is not clear if that smaller amount came from the Defendant as well.  As such, the parties are recommending that amount not be included in the Defendant's relevant conduct calculations.

PLEA AGREEMENT - 5

(b).    *Not to File Statutory Sentencing Enhancements*:

The United States Attorney's Office for the Eastern District of Washington agrees not to pursue any statutory sentencing enhancements pursuant to 21 U.S.C. § 851.

8.    <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.  The Defendant also understands that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), and to impose a reasonable sentence.

(a).    *Base Offense Level and Relevant Conduct*:

The United States and the Defendant stipulate and agree to recommend to the Court the Base Offense Level is 38 based on the Defendant's relevant conduct, as he possessed with the intent to distribute at least 4.5 kilograms of actual (pure) methamphetamine.  *See* USSG §2D1.1(a)(5), (c)(1); USSG §1B1.3(a).

(b).    *Specific Offense Characteristics*:

The United States and the Defendant agree to recommend a 2-level enhancement because the Defendant possessed a dangerous weapon.  *See* USSG §2D1.1(b)(1).  The United States and the Defendant agree to recommend no additional specific offense characteristics apply.  . *See generally* USSG §2D1.1(b)

(c).    *Role Adjustments*:

The United States and the Defendant agree no role adjustments apply.  *See* USSG §3B1.1; USSG §3B1.2.

(d).    *Acceptance of Responsibility*:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit

PLEA AGREEMENT - 6

any obstructive conduct; accepts this Agreement; and enters a plea of guilty no later than the next Pre-Trial Conference date; the United States will move for a three (3)-level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3)-level reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

(e).   *Criminal History*:

The United States and the Defendant have made no agreement and make no representations as to the Defendant's Criminal History Category, which shall be determined by the Court at sentencing after the Presentence Investigation Report is completed.

9.     Length of Incarceration:

The United States will recommend a sentence not to exceed 151 months. The Defendant is free to recommend any legal sentence.

10.    Criminal Fine:

The United States and the Defendant agree to recommend the Court impose no criminal fine.

11.    Supervised Release:

The United States and the Defendant agree to jointly recommend that the Court impose a five (5) year term of supervised release, to include the following special conditions, in addition to the standard conditions of supervised release:

(a).  that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release; and

PLEA AGREEMENT - 7

(b).  that the Defendant's person, residence, office, vehicle, and

belongings are subject to search at the direction of the Probation Officer.

12.    Judicial Forfeiture:

The Defendant, HELMUT UWE BORCHERT, agrees to voluntarily forfeit and

relinquish all right, title and interest he has in the following listed real property, to the

United States:

> All that lot or parcel of land, together with its buildings,
> appurtenances, improvements, fixtures, attachments and
> easements, known as 1903 East Main Avenue, Spokane,
> Washington, legally described as follows:
>
> LOT FOUR (4), BLOCK SEVENTY (70), SUBDIVIDSION
> OF SCHOOL SECTION 16, TOWNSHIP 25 NORTH,
> RANGE 43 EAST, W.M., ACCORDING TO THE PLAT
> RECORDED IN VOLUME "D" OF PLATS PAGE 100, IN
> THE CITY OF SPOKANE, SPOKANE COUNTY,
> WASHINGTON
>
> Tax Parcel No.  35163.2704

The ~~Defendant stipulates that he is the sole owner of the real property identified~~

~~in this Plea Agreement.~~

The Defendant acknowledges that the real property is subject to forfeiture to the

United States pursuant to 21 U.S.C. § 853, as property used or intended to be used to

facilitate the offense, Possession with Intent to Distribute 500 Grams or More of a

Mixture or Substance Containing a Detectable Amount of Methamphetamine, in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), to which the Defendant is pleading

guilty.

The Defendant agrees to take all steps as requested by the United States to pass

clear title to the real property to the United States, to include execution of any and all

forms and pleadings necessary to effectuate such forfeiture, and to testify truthfully in

any forfeiture proceeding.  The Defendant agrees to hold all law enforcement agents

PLEA AGREEMENT - 8

and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). The Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the real property the Defendant is agreeing to forfeit in this Plea Agreement.

13.    Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14.    Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program if the Court sentences the Defendant to a term of incarceration.

15.    Additional Violations of Law Can Void Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the

PLEA AGREEMENT - 9

Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16.    <u>Waiver of Appeal and Collateral Attack Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive his right to appeal the sentence if the Court accepts this Plea Agreement.

The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentencing, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes sentence.

Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may prosecute the Defendant on all available charges involving or arising from his participation in drug trafficking and/or firearm possession. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

17.    <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

PLEA AGREEMENT - 10

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

_____          __7/15/21_____
Caitlin Baunsgard                        Date
Assistant U.S. Attorney


I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney.  I understand and voluntarily enter into this.  Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case.  No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead guilty because I am guilty.


_____          __7. 15 - 21_____
HELMUT UWE BORCHERT                       Date
Defendant


I have read the Plea Agreement and have discussed the contents of the Plea Agreement with the Defendant.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in Defendant's

PLEA AGREEMENT - 11

1  decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason

2  why the Court should not accept the Defendant's plea of guilty.

3

4  _____          7·15·21

5  Bevan Maxey                                    Date
   Attorney for the Defendant
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT - 12