Bevan J. Maxey
MAXEY LAW OFFICE PLLC
Attorneys for Defendant
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> - vs - ) <br> ) <br> HELMUT UWE BORCHERT, ) <br> ) <br> Defendant. ) | NO.   2:20-CR-00071-TOR <br><br> SENTENCING MEMORANDUM & MOTION FOR DOWNWARD DEPARTURE |

## I.   Introduction

COMES NOW Defendant, HELMUT BORCHERT, by and through his attorney of record, Bevan J. Maxey, and submits the following sentencing memorandum/motion for downward departure. Mr. Borchert respectfully recommends the Court impose a sentence not exceeding 10 years imprisonment. This departure from the sentencing guideline is in the best interest of justice. This recommendation is based upon the memorandum of authorities set forth below, and upon the files and records in this case.

## II.   Background

**A.   Procedural Background**

On June 16, 2020, the grand jury for the Eastern District of Washington returned a one-count indictment charging Helmut Ewe Borchert with Possession with Intent to Distribute 500

SENTENCING MEMORANDUM/
MOTION  FOR DOWNARD DEPARTURE |
pg. 1

*Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
Ph.: (509) 326-0338
Fax: (509) 325-4490*

Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The indictment included forfeiture allegations pursuant to 21 U.S.C. § 853. A warrant was issued for the defendant's arrest.

On July 24, 2020, Mr. Borchert was arrested, making his initial appearance before a United States Magistrate Judge in Spokane, Washington. He has been incarcerated ever since. The defendant was advised of his rights, the charges against him and the associated penalties. He entered a plea of not guilty.

On July 15, 2021, the defendant pled guilty to one count of a one-count indictment. Count 1 charged Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. 841(a)(1), (b)(1)(a). ECF No. 45.

**B.    Offense Conduct**

Mr. Borchert accepts and relies upon the offense conduct as it appears in his Rule 11(c)(1)(C) plea agreement. ECF No. 45 filed on 09/02/21. Mr. Borchert has an offense level of 38.

**C.    Plea Agreement Summary**

Mr. Borchert's Rule 11(c)(1)(C) plea agreement with the government, ECF No. 45 is summarized as follows:

• The government agrees not to pursue any statutory sentencing enhancements pursuant to 21 U.S.C. § 851.

SENTENCING MEMORANDUM/
MOTION FOR DOWNARD DEPARTURE |
pg. 2

Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
Ph.: (509) 326-0338
Fax: (509) 325-4490

- The parties agree that the base offense level is 38 based on the defendant's relevant conduct, as he possessed with intent to distribute at least 4.5 kilograms of actual (pure) methamphetamine, pursuant to USSB §2D1.1(a)(5), (c)(1).

- The parties agree to recommend a 2-level enhancement as the defendant possessed a dangerous weapon, pursuant to USSG §2D1.1(b)(1). The parties agree to recommend no additional specific offense characteristics.

- Provided that the defendant demonstrates acceptance of responsibility, the government will recommend a 2-level reduction in the offense level pursuant to USSG §3E1.1(a). If the defendant's offense level is 16 or greater, the government will recommend an additional 1-level reduction for timeliness pursuant to USSG §3E1.1(b).

- The government agrees to recommend a sentence of not more than 151 months imprisonment. The defendant is free to recommend any legal sentence.

- The parties agree to jointly recommend that the Court impose a 5-year term of supervised release to include a number of special conditions of supervised release.

- The defendant agrees to voluntarily forfeit all right, title, and interest he has in the residence located at 1903 East Main Avenue, Spokane, Washington.

- If the Court imposes a sentence of more than 151 months imprisonment, the defendant will have the option of withdrawing from this plea agreement and withdrawing his plea of guilty. The defendant otherwise expressly waives his right to appeal his conviction and sentence. In addition,

SENTENCING MEMORANDUM/
MOTION FOR DOWNARD DEPARTURE |
pg. 3

Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
Ph.: (509) 326-0338
Fax: (509) 325-4490

the defendant waives his right to file any post-conviction motion, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel.

### Sentencing recommendation

• The parties are free to recommend whatever term of incarceration they believe is appropriate. The government is recommending a sentence of 151 months. A finding of substantial assistance may bring this number down.

• The parties will jointly recommend a 3-year term of supervised release. The parties are free to make recommendations regarding whether a fine should be imposed.

• The defendant has forfeited several items of property as outlined in the written plea agreement

**D.    Mr. Borchert's Personal History**

Helmut Uwe Borchert was born on ▮▮▮▮▮▮▮, 1958, in West Germany. From the time of his birth, his biological father was not in the picture and absent from his life. When Mr. Borchert was three years old, his mother moved to the United States without him. He lived with his grandparents, but struggled with being abandoned by his mother from a young age. At the age of eight, he moved to the United States to be with his mother. However, she was working at a bar and drinking daily, so once again he was separated from her to live with his aunt and uncle. Although his aunt and uncle were kind to him, his learning skills were lacking and no one seemed to notice.

Coming to America, Mr. Borchert could barely speak or read English. He also believes he suffered from dyslexia and ADD. None of this was ever addressed which caused him to fall further and further behind in school. He started drinking alcohol at the age of 12. He started doing drugs at the age of 13. This caused him to get into trouble at school. He was sent to the

SENTENCING MEMORANDUM/
MOTION FOR DOWNARD DEPARTURE |
pg. 4

Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
Ph.: (509) 326-0338
Fax: (509) 325-4490

foster care system, which further removed him from his family. After foster care, he lived on his own until he married Eva Brentigan at the age of 19. Both Mr. Borchert and his new wife started using methamphetamine, marijuana and alcohol daily, along with experimenting with cocaine, heroin and opioids. Mr. Borchert got involved with criminal conduct around this time as well. He got his first charge at the age of 19 for assault and burglary. This was followed by a plethora of other charges, some were related to drugs while others were not.

Mr. Borchert's wife got pregnant with their son, Doran in 1980. Mr. Borchert tried to stop all drug use when he was raising his son; he was able to reduce his use of drugs during this time. As Doran got older, Mr. Borchert struggled to find steady work. His low education level left him with fewer options for employment. His marriage was falling apart until eventually Mr. Borchert and Eva separated. After his divorce from Eva in 1985, he began using drugs again regularly.

Mr. Borchert's first run-in with the law, related to drugs, was in 1987. He was convicted of first degree robbery while he was high on drugs. He served less than 12 months for his crime. In 1991, Mr. Borchert was convicted of reckless driving and possession of drug paraphernalia. From 1992-2001 Mr. Borchert received five possession charges. It is clear that drugs were controlling his life at this point. These charges were not deterring him from the power of addiction.

In 2001, Mr. Borchert was convicted of possession with intent to distribute methamphetamine. He was sentenced to 108 months. Right after his release in 2008, he received another possession charge. In 2010, he received another possession charge. During this time he was able to hold employment at Goodwill for five months. However, at the age of 51, Mr.

SENTENCING MEMORANDUM/
MOTION FOR DOWNARD DEPARTURE |
pg. 5

*Maxey Law Office, PLLC*
*1835 W. Broadway Ave.*
*Spokane, WA 99201*
*Ph.: (509) 326-0338*
*Fax: (509) 325-4490*

Borchert was convicted of manufacturing methamphetamine. Due to a drug offender alternative sentence, his sentence was reduced to 55 more months in prison. It is clear that Mr. Borchert had a severe drug addiction. He was selling drugs as a way to facilitate his use of drugs.

After his time in prison, Mr. Borchert was released on probation. This was the most productive time of his life. He was able to get a job at the Union Gospel Mission Thrift Store for five months in 2014. Mr. Borchert was thriving under the supervision of his parole officer. After his probation, he began to slip into the world of drugs once again. He started selling drugs to support his dying mother. Mr. Borchert was taking care of her at her residence up until the time of her death. Mr. Borchert's mother died in 2019 from medical issues, including respiratory problems.

Mr. Borchert was using methamphetamine, marijuana and alcohol daily up until the date of his arrest. Although Mr. Borchert has been to treatment in the past, he is anxious to get treatment now. He feels that at this point in his life he can be successful with treatment and even more successful on probation. He knows that the way he has treated his body has lead to the rapid decline in his health. Mr. Borchert has lost everything due to the crimes he has committed. He has been left destitute and is ready for a change. Mr. Borchert is 63 years old. Given his severe health issues, he knows that his time is running out. Mr. Borchert accepts responsibility for his actions of the past and is eager to change his life after serving his time.

### III. Sentencing Factors

### 18 U.S.C. 3553

**A.  Section 3553(a) factors warrant a downward variance from the Guideline calculation.**

MOTION FOR DOWNARD DEPARTURE |
pg. 6

Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
Ph.: (509) 326-0338
Fax: (509) 325-4490

The district court "must properly use the [Sentencing] Guideline calculation as advisory and start there . . . ." *United States v. Zavala*, 443 F.3d 1165, 1171 (9th Cir. 2006). The Sentencing Guideline is not to have greater weight than the other factors under 18 U.S.C. § 3553(a). Id. The Sentencing Guideline calculation is just one factor when selecting the most appropriate sentence. Id. The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further crimes, and provide the defendant with needed educational and vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the sentencing ranges established by the USSG; (5) any pertinent policy statement issued by the USSG; (6) the need to avoid unwarranted sentence disparities among defendants with similar records or who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Section 3553(a) also directs the Court to impose a sentence "sufficient, but not greater than necessary" to comport with the purposes of subsection (2) as detailed above.

*1. Consideration of the nature and circumstances of the offense and Mr. Borchert's history and characteristics warrants a downward variance from the Guidelines.*

While Mr. Borchert does not wish to portray his crimes as de minimus, the nature and circumstance of his offense did not produce identifiable victims.

When sentencing, an important factor to consider is deterrence. In the past, Mr. Borchert has not responded well to treatment, however Mr. Borchert is ready to take responsibility for his actions and change his life. Mr. Borchert has severe medical issues including diabetes, cellulitis, neuropathy, heart problems, high blood pressure and the need for a hip replacement. The diabetes has progressed to the point that he will likely lose his leg. These medical problems could cause an early death for Mr. Borchert. The time he is currently spending in jail has already

SENTENCING MEMORANDUM/
MOTION FOR DOWNARD DEPARTURE |
pg. 7

Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
Ph.: (509) 326-0338
Fax: (509) 325-4490

proven to have a significant impact on Mr. Borchert. He has come to terms with the fact that he could die if given a long sentence. He is no longer a threat to society, he just wants to spend the remainder of his limited days with family.

Mr. Borchert's diabetes has significantly worsened throughout his time incarcerated. Living life behind bars makes it more difficult to regulate blood sugar and clean up his diet. Although the jail does follow a standard protocol for taking care of someone with diabetes, it is not a perfect system. Due to the hours that Mr. Borchert works in the kitchen, he is not receiving medication when he needs to be. He is also forced to eat what the jail provides which is often times unhealthy foods that just progresses his illness.

Mr. Borchert has had the most productive times of his life while he has been on probation. He was able to hold a job at thrift stores during both periods of time. The structure that probation provides Mr. Borchert has proven to be greatly beneficial in his road to becoming a contributing citizen. Mr. Borchert has aspirations to open up a distillery when he is released. He has been working in the kitchen for the entirety of his time incarcerated and has come to appreciate working in that industry.

The presentencing investigation report helps to outline a detailed history of Mr. Borchert's life. Mr. Borchert has been using substances from the time he was 12 years old. As outlined above, Mr. Borchert has not been able to escape the drug world despite multiple run ins with law enforcement. Mr. Borchert's support system growing up was inconsistent. He came here from another country after being abandoned by his mother for the first couple of years of his life. Even after he arrived here, his mother chose to work as a bartender instead of taking care of him. He struggled in school due to his lack of ability to speak and read English. This led him to

SENTENCING MEMORANDUM/
MOTION FOR DOWNARD DEPARTURE |
pg. 8

Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
Ph.: (509) 326-0338
Fax: (509) 325-4490

believe that he was destined to fail at the American dream. He never received a high school diploma or a GED. His lack of education left him having trouble finding a job, he felt as though drugs was the only consistent in his life. Mr. Borchert turned to drugs to cope but ended up in the world of distribution to feed his own addiction and to feed his family.

The circumstances listed above illustrate the need for a downward departure from the sentencing guidelines. Mr. Borchert is now 63 years old, nearing the end of his life. He is not the same person that he once was. He wants to be productive, as evidenced by his efforts to work in the kitchen since arriving at Spokane County Jail. Mr. Borchert is not a violent offender; he is not a threat to other people. Mr. Borchert needs to be rehabilitated in order to succeed when his punishment is over. It would be in the best interest for the defendant and for society, for him to spend less time incarcerated in order to focus on rehabilitating his drug addiction and becoming a contributing member of society.

Mr. Borchert's son, Doran Borchert, has fully supported his father despite everything that they have been through. Doran wrote a letter of support for his father. He describes how he wants his father to pay his debt to society; he just hopes that this punishment does not take away the rest of his life. Doran states, "He has many legal business goals and healthy aspirations. We were looking into starting a distillery and he was rebuilding classic cars and motorcycles for fun. This is still a dream I would love to achieve with him. It is my hope to see his sentence lessened due to his poor health. I'm sure if given an opportunity to see freedom again he would make better choices." Doran and his wife look forward to being a health support system for Mr. Borchert upon release. A support system like this is crucial to Mr. Borchert's success in rejoining society.

SENTENCING MEMORANDUM/ MOTION FOR DOWNARD DEPARTURE | pg. 9

Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
Ph.: (509) 326-0338
Fax: (509) 325-4490

The prisons are running rampant with COVID-19 outbreaks. There is a high possibility that Mr. Borchert would not survive a 10 year sentence. It is clear that Mr. Borchert is productive on probation, which would still hold him accountable for his actions. Mr. Borchert has never wanted to hurt people. His heart is in the right place, as illustrated by the years of caring for his mother when she was dying. He now realizes that by using and selling drugs he is hurting himself and the people closest to him, along with society. He is ready to move forward with the remaining life that he has. This is the first time in his life that he has accepted responsibility, as seen in his accepting a plea agreement. These mitigating factors support a downward departure from the sentencing guidelines.

   2.   *Mr. Borchert's sentencing recommendation is sufficient, but not greater than necessary, punishment.*

Mr. Borchert 's sentence should be one that directly reflects the seriousness of the offense, affords deterrence, protects the public, and rehabilitates the defendant. Mr. Borchert recognizes that he committed a serious offense. He does not make any excuses. He clearly sees how his drug addiction has affected the decisions that he has made throughout his life. Mr. Borchert sees the need for change; he is tired of living in the cycle of drug abuse. Mr. Borchert has severe medical issues. He knows that any prison sentence could be a life sentence for him. Any amount of time is enough to deter Mr. Borchert, as he doesn't want to spend the rest of his life behind bars. He is done letting drugs control his life. Mr. Borchert wants a fresh start so that he can be a contributing member of society.

   3.   *Kinds of Sentences Available*

The types of sentences available to Mr. Borchert are imprisonment, home detention, and probation.

SENTENCING MEMORANDUM/
MOTION FOR DOWNARD DEPARTURE |
pg. 10

*Maxey Law Office, PLLC*
*1835 W. Broadway Ave.*
*Spokane, WA 99201*
*Ph.: (509) 326-0338*
*Fax: (509) 325-4490*

*4.  Sentencing Ranges Available*

There is no mandatory minimum here. In addition, the factors set forth under section one highlights that there are mitigating circumstances that would justify a downward departure from any guideline. No more than 7 years would be necessary to satisfy the principles of deterrence.

*5.  Pertinent Policy Statements*

The defendant is not aware of any pertinent policy statements, other than those already outlined in 18 U.S.C. 3553.

*6.  Need to Avoid Sentence Disparities*

The defendant is not aware of prior cases that would indicate a sentencing disparity if his sentence was brought down to 72 months. Sentencing should be decided based on the individual circumstances in each case.

*7.  Need to Provide Restitution to any Victims of the Offense*

Mr. Borchert does not have any identifiable victims, thus the restitution provision of 18 U.S.C. 3663(a)(1)(A) does not apply.

There could be fines opposed according to the statutory provisions, however this would be unnecessary to promote the substantial purpose of justice. According to the provisions of USSG §5E1.2(d)(2), the court must look at Mr. Borchert's financial position when imposing a fine. It must be taken into consideration that Mr. Borchert does not have significant financial means to pay fines. He does not have a job and he will lose the family home that was his mother's as part of the forfeiture action within this case.  He spent years caring for her there and although a will was written which gifted the home from his mother to his son Doran, a signed copy cannot be found - only the draft.  This is punishment as well.  Mr. Borchert is serving his

SENTENCING MEMORANDUM/
MOTION FOR DOWNARD DEPARTURE |
pg. 11

*Maxey Law Office, PLLC*
*1835 W. Broadway Ave.*
*Spokane, WA 99201*
*Ph.: (509) 326-0338*
*Fax: (509) 325-4490*

time for this punishment. There should be no additional fees imposed. Additional fees would only further set Mr. Borchert back, serving no positive impact on society. A fine would serve as unnecessary punishment.

### IV. Conclusion

Based on the authorities discussed above, Mr. Borchert respectfully recommends the Court impose a sentence no greater than 72 months' imprisonment.

Respectfully submitted this 1st day of October, 2021.

MAXEY LAW OFFICE PLLC

*/S/ Bevan J. Maxey*

BEVAN J. MAXEY, #13827
Attorney for Defendant Borchert

CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participant(s):

Caitlin Baunsgard
Assistant United States Attorney
920 W. Riverside, # 300
Spokane, WA 99201

/s/ Holly Eagle
Maxey Law Offices, PLLC
West 1835 Broadway
Spokane, WA 99201
(509)326-0338

SENTENCING MEMORANDUM/
MOTION FOR DOWNARD DEPARTURE |
pg. 12

*Maxey Law Office, PLLC*
*1835 W. Broadway Ave.*
*Spokane, WA 99201*
*Ph.: (509) 326-0338*
*Fax: (509) 325-4490*