UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HELMUT UWE BORCHERT,<br><br>Defendant. | NO. 2:20-CR-0071-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion to Reduce Sentence. ECF No. 69. Although a hearing is currently set for this matter on October 29, 2025, this Court finds no reason to delay its order. The Court has reviewed the pleadings and the record therein and is fully informed. For the reasons discussed below, Defendant's Motion is denied.

## BACKGROUND

On June 16, 2020, Defendant was indicted for Possession with Intent to Distribute 500 grams or more of a mixture or substance containing Methamphetamine. ECF No. 1. Defendant pled guilty on July 15, 2021, in a Rule

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

11(c)(1)(C) plea agreement.  ECF No. 41.  A Judgment filed October 14, 2021, imposed 144 months imprisonment and 5 years of supervised release.  ECF No. 56.  Defendant had a total offense level of 37 and a criminal history category of VI, making his Guidelines range 360 months to life.  Defendant was only sentenced to 144 months of imprisonment.

Defendant requests the Court grant him compassionate release.  ECF No. 69.  He explains that he has suffered a number of serious medical complications and conditions.  *Id*.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).  Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002).  However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission updated its policy statement on sentence reduction. U.S.S.G. Guidelines Manual, effective Nov. 1, 2023. The sentence reduction policy statement now outlines six categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family

Circumstances of the Defendant: (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13, eff. Nov. 1, 2023.

According to the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

   B. **Exhaustion or Lapse of 30 days**

Defendant has shown that he exhausted his administrative remedies with the Bureau of Prisons.

   C. **Extraordinary and Compelling Reasons**

Defendant submitted over 1,000 pages of his medical records. Most of those records are irrelevant. The records show that Defendant has been receiving medical attention for his conditions. No extraordinary and compelling reasons justify a further reduction of his sentence.

   D. **Factors under 18 U.S.C. § 3553(a)**

Defendant claims that he poses no danger to the community if released.

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
    (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
  (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement—
  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

        (B)   that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)   the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. His underlying offense involved possession of more than 17 times the amount of pure methamphetamine necessary to trigger a mandatory 10-year sentence. He also had a 9mm Smith & Wesson and ammunition with his drugs, which – particularly when considered together – illustrate the ongoing danger he poses to the community. He is also a career offender. He has a lengthy criminal history that demonstrates both his lack of respect for the law and the failure of his prior sentences to adequately deter his conduct.

     At sentencing, Defendant's total offense level was 37 and he had a criminal history category of VI. This directed an advisory guideline range of 360 months to life imprisonment. Considering all the sentencing factors, the Court accepted the Parties' Plea Agreement for a variance.

     Once again, the Court has fully considered these factors in light of the information Defendant recently provided. The Court is obligated to protect the public from defendant's serious and dangerous conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to

promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct.  Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

The Bureau of Prisons has fully addressed Defendant's medical needs.  Considering the totality of all the facts, compassionate release is unwarranted.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Reduce Sentence, ECF No. 69, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 20, 2025.



THOMAS O. RICE
United States District Judge